UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WIOLETTA F.,

             Plaintiff,                      **DECISION AND ORDER**

    v.

                                                6:20-CV-06779-EAW

COMMISSIONER OF SOCIAL SECURITY,

             Defendant.
_____

## INTRODUCTION

Plaintiff Wioletta F. ("Plaintiff") seeks attorneys' fees in the amount of $6,992.48 pursuant to 42 U.S.C. § 406(b). (Dkt. 26-1 at 2). The Commissioner of Social Security ("the Commissioner") neither supports nor opposes Plaintiff's fee request. (Dkt. 27). For the reasons that follow, the Court grants Plaintiff's motion.

## BACKGROUND

On October 1, 2020, Plaintiff filed this action, seeking review of the Commissioner's final decision denying her application for Disability Insurance Benefits ("DIB"). (Dkt. 1). Plaintiff moved for judgment on the pleadings on June 7, 2021. (Dkt. 14). On September 14, 2021, the Court approved the parties' stipulation for remand, reversing the Commissioner's final decision and remanding the matter for further proceedings. (Dkt. 20).

By Stipulated Order filed on January 24, 2022, the Court approved payment of $5,806.59 to Plaintiff's counsel pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), for services performed in connection with this action. (Dkt. 25).

On February 6, 2023, the Commissioner issued a Notice of Award in connection with Plaintiff's claim, which stated that it withheld $18,214.48 to pay for Plaintiff's attorneys' fees. (Dkt. 26-3 at 7).

On November 29, 2023, Plaintiff moved pursuant to 42 U.S.C. § 406(b) seeking $6,992.48 in attorneys' fees. (Dkt. 26-1 at ¶ 7). In his motion, Plaintiff's counsel indicates that his firm was awarded the sum of $5,806.59 under the EAJA. (Dkt. 26-1 at ¶ 2). The Commissioner filed a response on December 21, 2023. (Dkt. 27). On January 10, 2024, the Court issued a Text Order requesting supplemental papers addressing the timeliness of the pending application. (Dkt. 28). Plaintiff filed a memorandum of law in response on January 24, 2024. (Dkt. 29).

## DISCUSSION

**I.    Timeliness of the Motion**

Generally, a fee application under § 406(b) must be filed within 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(1). Rule 54(a)(2)(B) as applied to § 406(b) motions for attorneys' fees, requires that a party moving for attorneys' fees file the motion within 14 days of notice of a benefits award. *Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir. 2019). Additionally, a presumption applies that a notice is received "three days after mailing." *Id*. at 89 n.5; *see also* Fed. R. Civ. P. 6(d).

While Rule 54 requires a fee motion be filed within 14 days, a court "may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect". Fed. R. Civ. P. 6(b)(1)(B); *see also Sinkler v. Berryhill*, 932 F.3d 83, 89 (2d Cir. 2019) ("district courts are empowered to enlarge [the 14-day] filing period where circumstances warrant"). "'[E]xcusable neglect' is an 'elastic concept,' that is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 228 (2d Cir. 2004) (internal citation omitted). "To determine whether a party's neglect is excusable, a district court should take into account: '[1] [t]he danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Id*. (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)) (alterations in original).

Here, the Commissioner issued the Notice of Award on February 6, 2023. (Dkt. 26-3 at 2). Plaintiff's counsel filed the instant application nearly ten months later on November 29, 2023. (Dkt. 26). Counsel argues that Plaintiff's motion was timely because he did not receive a copy of Plaintiff's Notice of Award until November 28, 2023, and filed the pending § 406(b) application just one day later. (Dkt. 26-1 at ¶ 4; Dkt. 29 at 2). In support of his argument, counsel provides a copy of the email exchange that occurred on November 28, 2023, between his office manager and a paralegal of Plaintiff's hearing representative, in which the office manager requested a copy of Plaintiff's Notice of Award and the fee

- 3 -

amount that the Social Security Administration ("SSA") approved for the representative's services at the hearing level. (Dkt. 26-3 at 2). The office manager contacted the hearing representative's office after she allegedly received a letter from the SSA, in which the agency advised Plaintiff's counsel that Plaintiff's previously withheld fees would be released to Plaintiff if no application for attorneys' fees was filed. (*Id.*). Counsel did not submit a copy of the letter his office received from the SSA with his application, nor did he indicate the date his office received it. In response to her inquiry, the office manager received a copy of Plaintiff's Notice of Award and was advised that the hearing representative was paid $11,222.00 for representing Plaintiff at the hearing level. (*Id.*).

Plaintiff's application could have been supported by more robust evidence and there are gaps in the record about the course of events that led to the office manager inquiring with the hearing representative concerning the fee award. Nonetheless, under the particular circumstances of this case, the Court will excuse Plaintiff's untimely filing of the § 406(b) application. Indeed, it is apparent from the review of the Notice of Award that it was originally mailed to Plaintiff and her hearing representative after the SSA issued it on February 6, 2023, (Dkt. 26-3 at 4, 5), but it apparently was not sent to Plaintiff's counsel. Under the circumstances, the Court concludes that excusable neglect justifies the late filing and will construe the pending application as timely filed.

II. **The Reasonableness of the Requested Fee**

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such

> representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A).  In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due benefits.  Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*.  "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits.  "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id*. at 807 n.17.  As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017).  Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).  Also relevant are the following: (1) "the

character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

When determining whether a requested fee constitutes a windfall, courts are required to consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient[,]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[,]" (3) "the satisfaction of the disabled claimant[,]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Here, Plaintiff's counsel seeks $6,992.48, which represents the balance of Plaintiff's total past-due withheld benefits of $18,214.48 after the award of $11,222.00 to Plaintiff's hearing level representative. (Dkt. 26-1 at ¶ 6; Dkt. 26-3 at 2, 7). The Commissioner neither supports nor opposes counsel's request for $6,992.48. (Dkt. 27 at 1).

Utilizing the factors set forth above, the Court finds that the amount counsel seeks is within the 25 percent statutory cap, and that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff. Counsel provided effective representation resulting in Plaintiff successfully receiving the benefits sought. There is no reason to believe that Plaintiff is dissatisfied with the outcome of such representation. Here, the success of Plaintiff's claim was uncertain as demonstrated by multiple denials of her application at the agency level. Accordingly, the amount of time

expended by counsel was reasonable in light of the issues presented, the extent and character of representation, Plaintiff's counsel's expertise, and the absence of any significant delay in the proceedings caused by counsel.

Counsel submits that 30.9 hours of work was performed on Plaintiff's matter by attorneys and paralegals at this firm. (Dkt. 26-1 at ¶ 9; Dkt. 26-4). The record reveals that 24.8 hours were expended by attorneys (Dkt. 26-5), while 6.1 hours were spent by paralegals. (Dkt. 26-6). Accordingly, the requested fee would result in a *de facto* blended hourly rate, *i.e.*, the rate that includes both attorney and paralegal hours, of $226.29 per hour ($6,992.48 divided by 30.9 hours). Deducting the cost of 6.1 hours of paralegal time at the reported hourly rate of $100.00 per hour (Dkt. 26-1 at ¶ 9) would result in the effective hourly rate for attorney time of $257.36 per hour. The Court finds that neither the *de facto* blended hourly rate, nor the attorney hourly rate, or the overall requested attorneys' fees amount, constitutes a windfall. The effective hourly rate falls well below the range of rates approved by courts under § 406(b). *See Daniel E. W. v. Berryhill*, No. 5:17-CV-0271 (DEP), 2019 WL 1986538, at *6 (N.D.N.Y. May 6, 2019) (approving a blended hourly rate ranging from $612.54 to $812.41 per hour); *Rita M. B. v. Berryhill*, No. 5:16-CV-0262 (DEP), 2018 WL 5784101, at *6 (N.D.N.Y. Nov. 5, 2018) (approving a blended rate of $564.13 per hour); *see also Fields,* 24 F.4th at 856 (an effective hourly rate of $1,556.98 was not a "windfall"); *Jennifer W. v. Saul*, 18-CV-493F, 2021 WL 1624288, at *3 (W.D.N.Y. Apr. 27, 2021) (approving an effective hourly rate of $812.75); *Valle v. Colvin*, No. 13-CV-2876 (JPO), 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (effective hourly rate of $1,079.72 did not constitute "windfall" to counsel).

Counsel's successful representation of Plaintiff's interests achieved reversal of the Commissioner's decision and remand of Plaintiff's application, ultimately resulting in a favorable decision. (Dkt. 26-1 at ¶ 8). The Court is also mindful that "payment for an attorney in a social security case is inevitably uncertain." *Wells*, 907 F.2d at 371. Accordingly, the Second Circuit has "recognized that contingency risks are 'necessary factors' in determining reasonable fees under § 406(b)." *Id*.

The Court also notes that counsel is required to return the previously awarded EAJA fee of $5,806.59 to Plaintiff. (Dkt. 25). *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .").

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for attorneys' fees under § 406(b) (Dkt. 26) is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel is awarded attorneys' fees in the amount of $6,992.48; and (2) Plaintiff's counsel is hereby directed to refund the previously awarded EAJA fee of $5,806.59 to Plaintiff.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: April 4, 2024
       Rochester, New York